UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDUARDO VARGAS
c/o Pangia Law Group 1717 N St.,
Suite 400
Washington, DC 20036

Plaintiff

v.

NATIONAL TRANSPORTATION SAFETY BOARD
c/o William T. McMurry, Jr.
800 Independence Ave., SW
Washington DC 20591

Defendants

**FREEDOM OF INFORMATION ACT COMPLAINT**

Now Comes, Plaintiff, Eduardo Vargas, by and through counsel and for his complaint against the Federal Aviation Administration and the Department of Justice, states as follows:

**INTRODUCTION**

1. Eduardo Vargas has submitted two different Freedom of Information Act ("FOIA") requests to National Transportation Safety Board ("NTSB") in order to locate missing aircraft wreckage parts. The parts were last in the possession of the NTSB and are required in a pending civil lawsuit. To date the Defendants have not produced any responsive records or any information concerning when or how the parts left the custody of the NTSB. Further, the Defendants have failed to make any determination on the FOIA requests. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) as this is the District of Columbia.

## PARTIES

4. Eduardo Vargas, by and through counsel, has made FOIA requests to NTSB concerning litigation arising out of a plane crash that occurred on December 23, 2023 in Asheville, North Carolina.

5. Defendant National Transportation Safety Board is an independent federal agency of the United States and is an "agency" subject to FOIA within the meaning of 5 U.S.C. §§ 551(1) and 552. NTSB has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

6. On August 4, 2025, Plaintiff, through counsel Olga Kasyan, submitted three FOIA requests to the NTSB seeking all emails and correspondence (including attachments) between: (1) Diamond Aircraft Industries, Inc. and the NTSB investigator in charge; (2) Diamond Aircraft GmbH and the NTSB investigator in charge; and (3) Austro Engine GmbH and the NTSB investigator in charge — all relating to the crash of N907L and NTSB Investigation No. ERA24LA066, for the date range January 1, 2023 through August 5, 2025.

7. The requests numbers FOIA-2025-00515, FOIA-2025-00516, and FOIA-2025-00517. The NTSB invoked FOIA Exemption 5 (5 U.S.C. § 552(b)(5)) — the deliberative process privilege — on the stated basis that the NTSB investigation was ongoing at the time. The requests were denied and subsequently closed. See requests numbers FOIA-2025-00515, FOIA-2025-00516, and FOIA-2025-00517 and letter from NTSB from August 21, 2025, attached hereto and incorporated by reference as Exhibit 1.

8. The NTSB investigation has since concluded, and the NTSB has issued a final report and docket. The deliberative process basis for denial is therefore extinguished. The records at issue are no longer part of any ongoing deliberative process.

9. On January 12, 2026, Plaintiff submitted a new FOIA request, assigned number FOIA-2026-00177, renewing the request for the same category of records now that the investigation had been closed and the final report issued. As of the date of this Complaint, that request remains "In Process." The NTSB has not produced any responsive records and has not communicated a determination. See FOIA-2026-00177, attached hereto and incorporated by reference as Exhibit 2.

10. On April 6, 2026, Plaintiff filed an administrative appeal, assigned Appeal No. FOIA-2026-00006-A, and NTSB confirmed receipt. See Appeal No. FOIA-2026-00006-A attached hereto and incorporated by reference as Exhibit 3.

11. By letter dated April 24, 2026, the NTSB responded to the appeal stating that the request is in the agency's first-in, first-out queue for processing and asserting "exceptional circumstances" within the meaning of 5 U.S.C. § 552(a)(6)(C), citing Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976). See April 24, 2026 Letter from the NTSB, attached hereto and incorporated by reference as Exhibit 4.

12. Plaintiff needs the requested records for related litigation deadlines. Discovery

in the related matter closes on June 12, 2026, and mediation is due by June 26, 2026.

13. The NTSB's own processing guidelines acknowledge that complex requests may take in excess of 267 business days. As of the date of this Complaint, FOIA-2026-00177 has been pending for over three months — well beyond the 20 business-day statutory response period under 5 U.S.C. § 552(a)(6)(A)(i).

14. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. See 5 U.S.C. § 552(a)(6)(A)(i).

15. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. See 5 U.S.C. § 552(a)(6)(C)(i).

16. The NTSB thus far has failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. Similarly, the NTSB has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required by the NTSB

17. Plaintiff realleges and reavers the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

18. Under the FOIA, the NTSB was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

19. The NTSB's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT TWO**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search by the NTSB**

20. Plaintiff realleges and reavers the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. The NTSB has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

**COUNT THREE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552;**
**Wrongful Withholding of Records by the NTSB**

22. Plaintiff realleges and reavers the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. The NTSB is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

24. The NTSB is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

25. Plaintiff has a legal right to obtain such records, and no legal basis exists for the NTSB's failure to disclose them.

26. The NTSB's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**WHEREFORE**, the plaintiff Eduardo Vargas, requests the Court to:

1. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
2. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);
3. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);
4. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;
5. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
6. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,
PANGIA LAW GROUP

*/s/ Olga Kasyan*

Olga Kasyan
okasyan@pangialaw.com
Douglas P. Desjardins
dpd@pangialaw.com
Pangia Law Group
1717 N. St., NW
Washington, DC 20036
Fax: (202) 393-1725
T: (202) 955-6450
*Counsel for Plaintiff*